10809

J. B. COLT COMPANY v. BROWN

(110 S. E. 402)

1.  EVIDENCE—ADMISSION OF PAROL EVIDENCE TO VARY TERMS OF WRITTEN CONTRACT ALLEGED TO HAVE BEEN FRAUDULENTLY MADE, HELD NOT AN ABUSE OF DISCRETION.—In action for price in which buyer claimed that goods were bought merely for trial, and that seller fraudulently failed to so stipulate in the contract without knowledge of buyer, who was unable to read, the admission of parol evidence to vary the terms of the original contract *held* not an abuse of discretion.

2.  SALES—EVIDENCE HELD ADMISSIBLE TO PROVE SELLER FRAUDULENTLY OMITTED FROM CONTRACT PROVISION THAT SALE WAS ON TRIAL.—In action for price, defended on ground that the goods were bought on trial, with the privilege of returning goods if unsatisfactory, that seller fraudulently failed to so provide in written contract, and that buyer, who was unable to read, had no knowledge thereof, evidence relating to the alleged fraud was admissible, though the written contract provided that buyer should be estopped from alleging the existence of any independent agreement, since buyer was not bound by such provision of the contract if the contract was fraudulent, as in such case it was void.

3.  TRIAL—INSTRUCTION SUBMITTING ISSUE OF FRAUD HELD SUFFICIENT IN ABSENCE OF REQUEST FOR FULLER INSTRUCTION.—In seller's action for price, in which buyer claimed to have been induced to contract by fraudulent representation that he was purchasing goods on trial, instruction, submitting issue of fraud, *held* sufficient, in absence of request for fuller statement of the law governing fraud.

Before MAULDIN, J., Aiken, 1921.   Affirmed.

Action by J. B. Colt Co. against W. T. Brown.   From judgment for defendant on his counterclaim, the plaintiff appeals.

*Messrs. Barron, McKay, Frierson & McCants,* for appellant, cite: *Express warranty precludes implied warranty:* 115 S. C.; 112 S. C., 422; 107 S. E., 903., *Defendant is bound under his failure to promptly repudiate, and his acquiesence:* 2 Pom. Eq. Jur., Sec. 897; 56 S. C., 514; 61 S. C., 456; 62 S. C., 46; 67 L. R. A., 705; 34 S. C., 516; 67 S. E., 107; 78 S. C., 200. *Contract may show that representations were not material:* 1 R. C. L., 301; 355. *Fraud:* 12 R. C. L., 240.

*Mr. John F. Williams,* for respondent, cites: *False impression may amount to fraud without any false statement:* 92 S. C., 384; 100 S. C., 203. *Testimony as to similar acts by plaintiff competent:* 64 S. C., 69.

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for the purchase price of a certain acetylene lighting outfit and fixtures.   The contract for the purchase was in writing.   The defendant set up failure of consideration and fraud in the execution of the contract. The defendant claimed that, while he could and did sign his name to the contract, yet he could not read.   He said, "I have not sufficient education to look at that thing and read it over and tell what it is."   There was evidence to the effect that the contract was not read over to the buyer, but that the agent of the plaintiff who procured the contract, while filling in the blanks in the contract, told the defendant that the contract was merely in the nature of an

order for a trial of one plant, and, if the defendant found that the machine did not work, the title would remain in the seller, and if it did work, then the defendant could pay for it. The jury found for the defendant, and the plaintiff appealed.

Appellant's argument contains the following:

"Exceptions 1, 2, 3, 6, and 7 present two questions: First, whether or not the presiding Judge, under the allegations of fraud in the defendant's answer, erred in admitting parol evidence varying the terms of the contract which was the subject of the action; and, second, whether or not the presiding Judge erred in admitting evidence as to an implied warranty when the contract which was the subject of the action contained an express warranty. These are closely related and may be argued together."

I. As to the admission of parol evidence to vary the terms of the written contract: There is a misconception of the purpose for which this evidence was admitted. The question is, was there fraud in the making of the contract? And on this question Judge Mauldin was very clear all the way through. When it came to the question of punitive damages, his Honor ruled that it was a question of fraud in the making, and not in the breaking of the contract. When it comes to the question of fraud, great latitude is allowed. It was held in *Suber v. Parr Shoals Power Co.,* 113 S. C., 321, 102 S. E., 335:

The testimony was *res inter alios acta,* and under the general rule was inadmissible. It is true that, where fraud is charged, such latitude is allowed, but the limits are within the wise discretion of the trial Judge."

The admission of the testimony was, under all the circumstances, within the wise discretion of the trial Judge, and we cannot see that he abused his discretion.

What has been said applies to the second question.

II. The next question is:

"That his Honor, the presiding Judge, erred in admitting, over the objection of the plaintiff, evidence relating to alleged fraud in the inception of the contract which was the subject of this action, the error being that by the terms of the instrument which was the subject of this action the plaintiff was estopped from alleging or proving the existence of any independent agreement, and in admitting such evidence the presiding Judge committed prejudicial error."

This cannot be sustained. If there was fraud in the making of the contract, then it was void. It was a nullity, and no provision bound the defendant.

III. The last question is raised by the fifth exception:

"That his Honor, the presiding Judge, erred in charging the jury as follows: 'Was the defendant, Brown, induced to enter into the contract in question by reason of any fraud on the part of the plaintiff, or plaintiff's agents, duly authorized to act for the plaintiff? If there was, then the plaintiff could not recover. If the contract upon which plaintiff rests its causes of action was induced to be entered into by the defendant, by reason of that fraud, then that fraud would vitiate the contract.'

"This was an error: (1) In that the presiding Judge eliminated the essential elements of fraud; and (2) in that the charge of the Court on a material issue involved in the case constituted an improper statement of the law governing fraud."

This statement is true, and if the plaintiff desired a fuller statement it should have been required.

This exception is overruled, and the judgment appealed from affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN concur.

MR. JUSTICE WATTS did not participate on account of sickness.